Argued and submitted October 31, 1991, remanded January 22, 1992

Patricia ELLINGSON,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY
and Department of Corrections,
*Respondents.*

(CA A65675)

824 P2d 1187

Orrin Leigh Grover, Woodburn argued the cause for petitioner. Patricia Ellingson, Portland, filed the brief *pro se.*

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Petitioner, the wife of an Oregon State Penitentiary (OSP) inmate, seeks review of an order removing her from her husband's visiting list. We remand for further proceedings.

Petitioner visited her husband at OSP on April 27, 1990. After the visit, prison officials searched the husband and found a balloon containing marijuana in his rectum. The same day, OSP notified petitioner that her visiting privileges were suspended. The notice stated that she could make a written request for a hearing within 14 days. On May 7, she made a written request for a hearing. The record does not reflect that respondent ever replied to her request.

On April 30, the husband was notified that a disciplinary hearing would be conducted on May 22. He testified at his hearing. He admitted smuggling marijuana into OSP, but denied that he had obtained it from petitioner. The hearings officer concluded that he did receive the marijuana from petitioner and issued an order permanently removing petitioner as a visitor for any inmate at OSP.[1]

■ At the time OSP issued the order, OAR 291-127-060(3) provided, in part:

"An approved visitor's name will be removed if the functional unit manager, or designee, determines, based upon reasonable suspicion that continued visiting * * * will jeopardize the safety or the general security of the facility:

"* * * * *

"(b) The inmate or the visitor may apply for and receive a hearing to contest the action as provided in [the] 'Approval/Denial' section of this rule."[2]

---

[1] The husband joined in the petition for judicial review of the order. We dismissed his petition pursuant to ORS 183.315(5), which provides:

"The provisions [for judicial review] do not apply to orders issued to persons who have been committed * * * to the custody of the Department of Corrections."

[2] OAR 291-127-060(3) now reads, in part:

"An approved visitor's name shall be removed and visits suspended if the superintendent or designee determines, based upon reasonable suspicion, that continued visiting * * * shall jeopardize the safety or the general security of the facility:

"* * * * *

Reasonable suspicion that safety will be jeopardized will be found if a visitor has previously introduced contraband into the facility. *Former* OAR 291-127-020(1).[3] *Former* OAR 291-127-020(4) provided:

> "If requested, a hearing to contest the decision of visiting privileges must be initiated within fourteen (14) days from the date of receipt of the request for a hearing."[4]

The administrative rules that were in effect when OSP ordered petitioner to be removed from the visitor's list clearly provided her the right to a hearing.[5] Respondent apparently ignored her timely request for one.

Respondent argues that a hearing could not possibly benefit petitioner, because husband's right to visit her was terminated pursuant to his hearing. Respondent's logic is persuasive, but it cannot be used to deny petitioner her right to a hearing. If petitioner had been made a party to husband's hearing, not only would her right to a hearing have been satisfied, it is possible that the hearings officer would have concluded that she was not the source of the marijuana found in husband's rectum.

---

"(b) The visitor may apply for a review of this decision to the superintendent within fourteen days of the receipt of the suspension;

"(c) If requested, a review by the superintendent or designee must be initiated within fourteen days from the date of the request for review[.]"

This version became effective on November 1, 1990. We base our decision on the administrative rules that were in effect when OSP issued the order on May 22, 1990. We express no opinion on whether the "review" now available under OAR 291-127-060(3) gives a visitor a right to a hearing.

[3] That rule has been amended and renumbered as OAR 291-127-020(10).

[4] OAR 291-127-020(12) now provides:

"[The inmate] has a right to request a review of the decision if a review is requested in writing within fourteen days from the date of receipt of the request for a review:

"(a) The inmate or proposed visitor may submit written comments to the superintendent or designee for consideration[.]"

[5] We express no opinion on whether any other rule of law entitled petitioner to a hearing or whether any current version of applicable law would entitle a similarly situated person to a hearing.

■ Petitioner's argument that OSP lacks authority to suspend her visiting privileges for more than six months is without merit. OAR 291-127-145.

Remanded for proceedings not inconsistent with this opinion.